**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JONATHAN CARL BROWNING,**

    **Plaintiff,**

**v.**                                                                    **Case No. 8:12-cv-329-T-17TBM**

**HERNANDO COUNTY JAIL,** *et al.***,**[1]

    **Defendants.**
                                                /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's **Affidavit of Indigency** (Doc. 2), which the court construes as a motion seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1]In addition to the Hernando County Jail, Plaintiff purports to sue the Correction Corporation of America, former Sheriff Richard B. Nugent, Clerk of Court Karen Nicolai, MSB Collection Agency, current Sheriff of Hernando County, (former) Judge Jack Springstead, Judge Donald Scaglione, Judge Kurt Hitzemann, City of Brooksville Police Department, Florida Model Jail Standards, the Board of County Commissioners, County Attorney Garth C. Coller, State Attorney Brad King, and Public Defender Allen Phanter. (Doc. 1 at 2-5).

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Here, Plaintiff's Complaint appears to assert various civil rights claims under 42 U.S.C. § 1983 along with pendant state law claims. Construed liberally, Plaintiff was at some time an inmate at the Hernando County (Florida) Jail. In connection therewith, he here asserts a list of purportedly "unconstitutional conditions and practices" including: (1) excessive fines; (2) cruel and unusual punishment; (3) denial of a civil hearing on a $50 per day civil restitution lien; (4) no warning or notification of the intent to charge you for your time in jail; (5) denial of access to the law library to research civil claims; and (6) denial of a stamp to mail a civil complaint from the jail and not permitting the mailing of legal size mail. As for relief, Plaintiff appears to want reimbursement of any sums taken from him and he makes a request for an order giving inmates gain time for the time they spend in jail.

Even upon a liberal construction, the Complaint should be dismissed. It contains no identifiable counts, nor does it include sufficient allegations to identify the persons or entities being sued on any particular grievance.[2] Aside from identifying 42 U.S.C. § 1983 and Fla. Stat. § 951.2, it is entirely unclear what legal authority is relied upon to support the grievances and from which of the numerous defendants he seeks relief. Plaintiff also fails to identify when any of the alleged violations occurred. As recognized previously, "[t]he court should not be required to guess as to what cause of action a plaintiff intends to assert, or to

---

[2]Plaintiff's assertion that "[e]ach person I listed as Defendants play a part of unconstitutional practices" is simply insufficient.

draft the pleading for him." *Connor v. Halifax Hosp. Med. Ctr.*, 135 F. Supp. 2d 1198, 1220 (M.D. Fla. 2001). Consequently, even though the court construes the Complaint liberally in Plaintiff's favor, the action fails to state a cause of action and/or is frivolous and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[3]

For these reasons, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY** without prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the court's Order, failing which may result in a dismissal of the action without further notice.[4]

                                                        Respectfully submitted on this
                                                        11th day of May 2012.

                                                        THOMAS B. McCOUN III
                                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

---

[3]Plaintiff's Complaint also fails to meet the requirements of Rule 8(a), which requires that the complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must give the defendants fair notice of the bases for relief and the grounds upon which the claim rests. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). A pleading that uses just labels and conclusions or a formulaic recitation of the elements of a cause of action will not meet Rule 8(a)(2). *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[4]While the majority of Plaintiff's claims appear frivolous, a review of the factual allegations suggests that Plaintiff may be able to make some rational argument to support a claim for relief cognizable in this court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of record